IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JAMES EALY, #177 006, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1: 09-CV-1157-TMH |
| | ) [WO] |
| JERRY FERRELL, WARDEN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Thomas Ealy, a state inmate in the custody of the Alabama Department of Corrections, is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed on December 17, 2009.[1] On June 27, 2007, the Circuit Court for Houston County, Alabama, convicted Petitioner, pursuant to his guilty plea, of unlawful possession of marijuana in the first degree. The trial court sentenced Petitioner the same day as a habitual felony offender to a term of 22 years imprisonment. Petitioner did not appeal his conviction.

Petitioner presents the following claims in his petition:

---

[1] Although the present petition was stamped "filed" in this court on December 23, 2009, the petition was signed by Petitioner on December 17, 2009. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Elay] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers December 17, 2009 as the date of filing.

    1.  He was subjected to an illegal arrest.

    2.  The trial court lacked subject matter jurisdiction to accept his guilty plea and enter judgment against him due to a fatal variance between the warrant issued for his arrest and the indictment returned by the grand jury.

    3.  The Alabama Court of Criminal Appeals violated state appellate procedural rules thereby violating Petitioner's due process rights and resulting in a grave miscarriage of justice.

    4.  The Alabama Court of Criminal Appeals and the Alabama Supreme Court worked in concert to deprive Petitioner of meaningful certiorari review which violated his right to due process.

(*Doc. No. 2*.)

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Specifically, Respondents contend that because Petitioner's conviction became final in August of 2007 -- **after** the effective date of the statute of limitations – he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents concede that Petitioner filed a state post-conviction petition on March 10, 2008. They maintain, however,

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner's filing the present federal habeas petition. (*Doc. No 15, Exhs. A-F.*)

Based on Respondents' answer, the court entered an order advising Petitioner that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 16.*) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id.* Petitioner filed a response. (*Doc. No. 17.*) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of unlawful possession of marijuana in the first degree by the Circuit Court for Houston County, Alabama, on June 27, 2007, and sentenced to 22 years imprisonment as a habitual offender. Petitioner did not appeal his conviction. Since Petitioner failed to pursue the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Petitioner's conviction became final on August 8, 2007 – forty-two days after imposition of sentence, as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

### *i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 214 days or seven months and 1 day after Petitioner's conviction became final until the filing of a Rule 32 petition in the Circuit Court for Houston County on March 10, 2008.  Petitioner's Rule 32 proceedings became final on November 5, 2008, when the Alabama Court of Criminal Appeals issued a certificate of judgment. As of the aforementioned date, Petitioner had 151 days of the applicable limitation period remaining within which to file a federal habeas petition.  The court, therefore, concludes that the time allowed Petitioner for the filing of a federal habeas petition expired on April 6, 2009.  Although Petitioner filed a second Rule 32 petition with the trial court on March 18, 2009, the filing of that petition did not operate to further toll the federal limitation period because the state courts found the claims raised in Petitioner's second post-conviction petition presented only non-jurisdictional challenges, and that the petition was successive, time-barred, and presented claims which could have been, but were not, raised on appeal. (*Doc. No. 15, Exhs. A-M*.)  "Because [Petitioner's March 18, 2009] petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 7  (2007) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotations and citations omitted).

Even if the court considered Petitioner's second Rule 32 "properly filed" for purposes of calculating the federal habeas limitation period, the instant petition would still be untimely. As explained, the one-year limitation period under 28 U.S.C.§ 2244(d) began running on August 8, 2007, and ran uninterrupted for 214 days until March 10, 2008, when Petitioner filed his first Rule 32 petition. At the conclusion of those proceedings on November 5, 2008, another 132 days of the one-year clock ran uninterrupted until March 18, 2009, upon the filing of Petitioner's second Rule 32 petition. The clock began to run again on November 5, 2009, following the conclusion of Petitioner's second Rule 32 proceedings. Another 42 days ran uninterrupted until December 17, 2009, when Petitioner filed the instant habeas application. This filing occurred 23 days after the one-year limitation expired on November 24, 2009.

### *ii. Equitable Tolling of the Limitation Period*

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. __,130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).

The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

To the extent that Petitioner argues his petition is subject to equitable tolling of the limitation period because he presents a jurisdictional issue which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1), he is entitled to no relief. Petitioner appears to make the argument that the trial court lacked subject matter jurisdiction

to impose judgment where there existed a fatal variance between the warrant for Petitioner's arrest and the indictment returned against him charging him with unlawful possession of marijuana. (*Doc. Nos. 2, 17.*) Whether or not Petitioner has asserted a valid challenge to the state court's jurisdiction, neither the limitations statute nor federal case law makes an exception for alleged jurisdictional issues arising under state law. *See Johnson v. Jones,* 2006 WL 2092601, *2 (M.D. Ala. 2006).

Petitioner makes the conclusory assertion that his represents the exceptional case involving a compelling claim of actual innocence.[3] (*Doc. No. 17 at pg. 7.*) To the extent that Petitioner attempts to overcome the time bar by contending he is innocent of the crime of his conviction, he has failed to make a sufficient showing of actual innocence. The Eleventh Circuit has not decided whether a showing of actual innocence creates an exception to the AEDPA's statute of limitations in order to prevent a possible violation of the Suspension Clause. *See Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1218-19 (11th Cir. 2000); *see also Melson v. Allen,* 548 F.3d 993, 1002-03 (11th Cir. 2008). To avoid answering the difficult constitutional question until necessary, the *Wyzykowski* court held that the court should first consider whether a petitioner can show actual innocence. *Id.* 226 F.3d at 1218-19.

In a related context, the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995), held:

> To be credible, ... a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific

---

[3] The court notes that the law is well settled that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400 (1993).

>   evidence, trustworthy eyewitness accounts, or critical physical
>   evidence – that was not presented at trial.

*Id*. at 324.

Here, the court finds that Petitioner presents only a self-serving, conclusory allegation that he is actually innocent. Petitioner's claims of an illegal search of his home and seizure of his property and his challenges to the sufficiency of the arrest warrant, charging document, and the evidence relate to the legal sufficiency of his conviction, not his factual innocence of the crime. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner's allegations are, therefore, insufficient to satisfy the *Schlup* standard. Additionally, to the extent Petitioner makes a general denial that he engaged in or was aware of any criminal activity, such assertions are devoid of any factual support in the form of new reliable evidence, are set against the formidable barrier of his guilty plea (*see Doc. No. 15, Exh. B*), and are insufficient to constitute a credible claim of actual innocence. Petitioner has submitted no "new reliable evidence" to support his claims so as to meet the standard set forth by *Schlup*. His mere contention that he is actually innocent of the crime of his conviction is not supported by the record or any credible evidence. Therefore, Petitioner has failed to make a sufficient showing of actual innocence to qualify for the actual innocence exception to the time bar, assuming *arguendo*, that such exception exists.

### B. Expiration of the Limitation Period

Based on the foregoing, the court concludes that there is no credible basis for either equitable or statutory tolling of the limitation period until Petitioner filed this cause of action. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition

resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner's habeas petition is due to be dismissed as untimely.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Petitioner Thomas Ealy be DENIED as Petitioner failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1); and

2. The petition be DISMISSED with prejudice.

It is further

ORDERED that on or before **February 22, 2012,** the parties are DIRECTED to file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE